## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## NEW ALBANY DIVISION

| | | |
|---|---|---|
| MATTHEW KLINE and MARK KLINE, individually and on behalf of minor HAYDEN KLINE, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 4:16-cv-00231-TWP-DML |
| v. | ) ) | |
| GEMINI TRANSPORT, LLC, AMARILDO ZERE, FEDEX GROUND PACKAGE SYSTEM, INCORPORATED, and DELBERT E. LALLATHON, JR., | ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON JURISDICTION**

It has come to the Court's attention that Plaintiff's Complaint fails to allege all of the facts necessary to determine whether this Court has subject matter jurisdiction over this case. The Complaint alleges that this Court has jurisdiction based upon diversity of citizenship. However, the Complaint fails to sufficiently allege the citizenship of Defendant Gemini Transport, LLC. Citizenship is the operative consideration for jurisdictional purposes. *See Meyerson v. Harrah's East Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002) ("residence and citizenship are not synonyms and it is the latter that matters for purposes of the diversity jurisdiction").

"For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members." *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). "Consequently, an LLC's jurisdictional statement must identify the citizenship of each of its members as of the date the complaint or notice of removal was filed, and, if those members have members, the citizenship of those members as well." *Id.*

The Complaint alleges that "Defendant Gemini Transport, LLC . . . is a business entity organized and existing under the laws of the State of Michigan, with its principal place of business in Dearborn, Michigan." (Filing No. 1 at 2.) However, this jurisdictional allegation does not establish the citizenship of Defendant Gemini Transport, LLC. Alleging the identity and citizenship of each of the members of the Defendant limited liability company is necessary for this Court to determine whether it has jurisdiction.

Therefore, the Plaintiff is **ORDERED** to file a Supplemental Jurisdictional Statement that establishes the Court's jurisdiction over this case. This statement should specifically identify the members of Defendant Gemini Transport, LLC and those members' citizenship. This jurisdictional statement is due **fourteen (14) days** from the date of this Entry.

Additionally, counsel shall promptly comply with Local Rule 5-3, as well as Local Rule 83-6 if applicable. *See* Local Rule 83-7(b) (requiring attorney not admitted to practice before this court to comply with Local Rule 83.5 or withdraw appearance within 21 days of case being transferred).

**SO ORDERED.**

Date: 12/27/2016

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

Distribution:

Samuel W. Jarjour
sam@jarjourlaw.com

Robert D. Emmerson
DEFUR VORAN LLP
remmerson@defur.com

2

Michael J. Leizerman
E.J Leizerman & Associates
3450 W. Central Avenue, Suite 328
Toledo
Toledo, OH 43606

Joshua Leizerman
E.J. Leizerman & Associates
3450 W, Central Avenue
Suite 328
Toledo, OH 43606

Kevin J. Plagens
Kopka, Pinkus, Dolin & Eads
33533 W. Twelve Mile Road
Suite 350
Farmington Hills, MI 48331

David J. Yates
Segal McCambridge Singer & Mahoney
39475 Thirteen Mile Road
Suite 203
Novi, MI 48374

Eric P. Conn
Segal McCambridge Singer & Mahoney
39475 Thirteen Mile Road
Suite 203
Novi, MI 48374